IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02042-BNB

JOSEPH VIGIL,

        Plaintiff,

v.

KEITH MEEK, Lieutenant, # 12101, Employee of C.D.O.C., and
JOHN DOE, Faith and Citizens Programs, Employee of C.D.O.C.,

        Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

        Plaintiff, Joseph Vigil, is incarcerated in the Colorado Department of Corrections

(DOC) at the Fremont Correctional Facility (FCF).  At the time he initiated this action, he

was incarcerated at the Sterling Correctional Facility (SCF).  Mr. Vigil has been granted

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

        Mr. Vigil filed a Prisoner Complaint [Doc. # 1] pursuant to 42 U.S.C. § 1983,

alleging a deprivation of his constitutional rights by Defendants James Falk, the Warden

of SCF; Roger Werholtz, Executive Director of the Colorado Department of Corrections;

and Keith Meek[s], a Lieutenant at SCF.  Plaintiff requested monetary and injunctive

relief.  On August 5, 2013, the Court reviewed the Prisoner Complaint and determined

that it was deficient because Mr. Vigil failed to allege the personal participation of each

named Defendant in a deprivation of his constitutional rights.  The Court thus directed

Mr. Vigil to file an Amended Complaint within thirty days.  Plaintiff filed an Amended

Complaint [Doc. # 8] on September 16, 2013.

The Court must construe Mr. Vigil's filings liberally because he is representing

himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the **pro se**

litigant's advocate.  **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Vigil will

be directed to file a second amended complaint.

Mr. Vigil, a Native American, alleges in the Amended Complaint that Defendants

prohibited him from getting his hair cut in a mohawk style because of a DOC regulation

that requires inmate hairstyles to be neat and clean and not associated with any

disruptive group association.  Plaintiff alleges that Jewish persons and Rastafarians are

allowed to wear their hair in accordance with their cultural and religious preferences and

that a staff member at SCF wore a mohawk haircut for a period of time.  Mr. Vigil

maintains that Defendant Lieutenant Meek, a volunteer programs coordinator at SCF,

denied his request to wear a mohawk haircut.  Plaintiff further alleges that Defendant

John Doe faith and citizens programs employee of DOC denied his request for a

change in the DOC regulation as it applied to mohawk haircuts based on Plaintiff's

representation that the mohawk haircut was a cultural "way of life" rather than a faith

group practice. [Doc. # 18, at 12].  Mr. Vigil requests only injunctive relief and asks the

Court to order the DOC to change its regulations to allow Native Americans to wear

The Amended Complaint raises new issues.   First, since this action was

instituted, Mr. Vigil has been transferred from SCF to FCF.  To the extent Mr. Vigil

challenges an institutional policy at SCF, or a DOC system-wide policy, his claims for

injunctive relief against Defendant Meek, who is a lieutenant and volunteer programs

coordinator at SCF, have been mooted by his transfer to FCF.  **See Jordan v. Sosa**,

654 F.3d 1012, 1028 (10th Cir. 2011) (a transferred prisoner's challenge to system-wide

prison policies is moot where he seeks equitable relief and only sues prison officials at

the transferor institution—that is, the institution where he was formerly incarcerated).

Similarly, "[w]here the prisoner's claims for declaratory or injunctive relief relate solely to

the conditions of confinement at the penal institution at which the prisoner is no longer

incarcerated," his transfer to another facility renders the court unable to provide the

prisoner with any effectual relief.  **Id.** at 1028.  Accordingly, because Defendant Meek

no longer appears to be a proper party to this action, the second amended complaint

that Mr. Vigil will be directed to file should not include a claim against Lt. Meek.

By contrast, where a prisoner brings a lawsuit challenging policies that apply in a

generally uniform fashion throughout a prison system, and the prisoner sues defendants

who are actually situated to effectuate any prospective relief that the courts might see fit

to grant— i.e., , the director of the prison system or the prison system itself– the case

will not be dismissed on mootness grounds.  **See Abdulhaseeb v. Calbone**, 600 F.3d

1301, 1312 (10th Cir. 2010) ("Even if Mr. Abdulhaseeb cannot recover money damages

against any defendant or injunctive relief against the prison-specific defendants, the

courts may still fashion some effective relief. The [Oklahoma Department of Corrections

("ODOC") ] [d]efendants, particularly the director of ODOC, remain parties to the

litigation."); **Randolph v. Rodgers**, 170 F.3d 850, 857 (8th Cir. 1999) (concluding that a

transferred prisoner's claims were not moot where he "assert[ed] claims directly against

the Missouri Department of Corrections[ ] . . . which controls both prisons and the

funding necessary to provide the" relief that the plaintiff requested).  Mr. Vigil named the

Director of the Colorado Department of Corrections in his original complaint, but did not

set forth adequate allegations to implicate the Director in a deprivation of his

constitutional rights.  To the extent Plaintiff alleges that he is being denied a mohawk

haircut on an ongoing basis, pursuant to a system-wide DOC regulation, he may add

the Director of the Colorado Department of Corrections as a Defendant in the second

amended complaint and allege sufficient factual allegations to support an arguable claim

for injunctive relief against the Director.

Second, Mr. Vigil has added Defendant John Doe, Faith and Programs,

Employee of C.D.O.C.,  to the Amended Complaint.  Mr. Vigil may use fictitious names,

such as John Doe,  if he does not know the real names of the individual who allegedly

violated his rights.  However, if Mr. Vigil uses a fictitious name he must provide sufficient

information about the defendant so that the defendant can be identified for purposes of

service.  Plaintiff must also allege specific facts to show that the defendant was

personally involved in a deprivation of his constitutional rights.  *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166

(1985); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  If the John

Doe defendant is Daryl Proffit, the individual who denied Plaintiff's AR Form 800-01J on

May 21, 2013, Plaintiff should identify that individual in the second amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Joseph Vigil, file **within thirty (30) days from the date**

**of this order,** an second amended complaint that complies with the directives in this

order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint

that complies with this order within the time allowed, the Court may dismiss some or all

of this action without further notice for the reasons discussed above. It is

DATED September 25, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge